I respectfully dissent. As the majority opinion indicates, this judicial position was created by the legislature in 1990. Specific language in the legislation directs that the position "shall first be filled at the general election held in 1992." Preclearance for this judgeship was not granted by the United States Department of Justice until March 18, 1996, after which the judgeship could be filled. On March 26, 1996, the attorney general of Alabama issued an opinion stating that the Governor could, but was not required to, fill the vacancy by appointment. The Governor made his appointment on that same date, and Griggs and Gilmore subsequently filed this action seeking an order directing the secretary of state to place the judgeship on the ballot for the primaries in June 1996 and the general election in November 1996. This Court now affirms the trial court's dismissal of this action.
I disagree with the resolution of this case, for two reasons. First, it is clear beyond question that the legislature intended this position to be filled by election; second, there was no vacancy that was subject to being filled by appointment by the Governor.
The legislation creating this additional judgeship, Act No. 90-539, Ala. Acts 1990, provides, in pertinent part:
 "There is hereby created an additional circuit judgeship for the twentieth judicial circuit. . . . The judgeship shall first be filled at the general election held in 1992 . . . ." *Page 415 
The judgeship could not be filled by election in 1992, as provided for in the legislation creating the position, because of federal litigation and the preclearance requirement of the Voting Rights Act. The failure to fill this judgeship in 1992, however, does not diminish or otherwise impact the specific legislative language declaring the legislature's intent that the judgeship "first be filled" by election. There is no ambiguity or condition requiring or allowing an interpretation that, because this judgeship could not be filled by election in 1992, it could be filled in a manner other than by election at a subsequent time. If the legislature had intended otherwise, it would have so provided.
The majority opinion states that "[t]he resolution of this appeal depends on the operation of § 6.14 of Amendment 328." 710 So.2d at 412. However, the language of Act No. 90-539 clearly makes § 6.14 inapplicable.
The first sentence of § 6.14 of Amendment 328 to the Alabama Constitution provides: "The office of a judge shall be vacant if he dies, resigns, retires, or is removed." This section of the constitution further provides for the filling of "vacancies," with one method being appointment by the Governor. It is undisputed that Act No. 90-539 created a new judgeship. That judgeship had never been filled by a general election, as is required by the enacting legislation. None of the conditions specified in the first sentence of § 6.14 (death, resignation, retirement, or removal) had occurred; thus, the application of § 6.14 to this case was, in my opinion, error.
Finally, while I think the interpretation of § 6.14 has no bearing on this case, I agree that this appeal does not present a moot question, because of its impact on future elections in Alabama. However, pursuant to the majority opinion, that impact includes the authority to disregard the clearly stated intention of the legislature. Therefore, I respectfully dissent.